NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RED CEDAR HARMONIA, LLC,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES, NEXTGEN FEDERAL SYSTEMS, LLC,**

*Defendants-Appellees*

---

2019-2449

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00405-CFL, Senior Judge Charles F. Lettow.

---

Decided:  December 18, 2020

---

WALTER BRAD ENGLISH, Maynard, Cooper & Gale, PC, Huntsville, AL, for plaintiff-appellant.  Also represented by EMILY J. CHANCEY, MICHAEL W. RICH.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee United States.  Also represented by JEFFREY B. CLARK, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

CHE PETER DUNGAN, Miles & Stockbridge P.C., Washington, DC, for defendant-appellee NextGen Federal Systems, LLC.  Also represented by ALFRED M. WURGLITZ, Rockville, MD.

————————————

Before PROST, *Chief Judge,* MOORE and STOLL, *Circuit Judges.*

MOORE*, Circuit Judge.*

Red Cedar Harmonia, LLC, appeals a final decision of the United States Court of Federal Claims granting the government and NextGen Federal Systems, LLC, judgment on the administrative record regarding the government's contract award to NextGen. *Red Cedar Harmonia, LLC v. United States*, 144 Fed. Cl. 11, 29 (2019).  Because the government's contract award was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

The Defense Information Systems Agency (the agency) issued a solicitation for independent verification and validation of software across four major agency command and control programs.  J.A. 100034.  The solicitation included three evaluation factors: (1) Technical/Management Approach; (2) Past Performance; and (3) Price.  J.A. 100164. The Technical/Management Approach factor included six subfactors: (1) security clearance requirements; (2) technical approach to test execution; (3) technical approach to test event build support; (4) technical approach to cybersecurity and information compliance; (5) technical approach to test process improvements and test automation support; and (6) management/staffing approach.  *Id.*  As relevant here, subfactor three was evaluated based on the offerors' proposed approaches to perform independent verification and validation on multiple system builds.  J.A. 100166. Subfactor six focused on offerors' respective abilities to

staff and manage the tasks identified in the solicitation. J.A. 100167.

The agency received initial proposals from five offerors. After three offerors were excluded, the agency established a competitive range including the two remaining offerors: NextGen and Red Cedar. J.A. 102539–40. During its initial analysis, the agency found two weaknesses with NextGen's management/staffing approach (subfactor six), including weaknesses in the hours NextGen proposed for thirty-eight labor positions, and four weaknesses with Red Cedar's approach, including weaknesses in the hours Red Cedar proposed for fifty-eight positions. J.A. 102511–18 (NextGen), 102530–37 (Red Cedar). The contracting officer issued evaluation notices to NextGen and Red Cedar to address these weaknesses. J.A. 102563–102568 (NextGen), 102574–84 (Red Cedar).

After another round of proposals and evaluation notices, NextGen and Red Cedar submitted their final proposals. The agency found weaknesses in Red Cedar's proposed hours for thirty-seven positions under subfactor six. J.A. 105164–105185. The agency revised Red Cedar's final proposal, noting that Red Cedar's approach appeared low for the demands of the contract and increasing the proposed hours across a number of positions. J.A. 105405–15. After adjustments, the agency found that NextGen's total proposed cost was equal to the agency's total probable cost, whereas Red Cedar's total proposed cost varied from the agency's total probable cost by 55.35% resulting in a "significant[] increase[] [in] the Government's cost risk during performance." J.A. 105138. The Source Selection Authority issued a memorandum memorializing the agency's determination that NextGen was the "highest[-]rated offeror, taking into consideration all non-price factors" and was "also the lowest-priced (evaluated) offer[or]." J.A. 105237.

Red Cedar filed a bid protest in the Court of Federal Claims, challenging the agency's contract award to

NextGen.  NextGen intervened.  Red Cedar, NextGen, and the government filed cross-motions for judgment on the administrative record.  The Court of Federal Claims granted the government and NextGen judgment on the administrative record and denied Red Cedar's motion.  The court concluded that the agency's decision to select NextGen was reasonable because NextGen's proposal was "the lowest priced and highest technically rated proposal" and because the agency "properly determined [that NextGen] represented the best value for the government."  J.A. 34.  Red Cedar appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo Court of Federal Claims decisions granting judgment on the administrative record in bid protest cases.  *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005).  Under this standard, we consider whether the agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See* 5 U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4).  We may set aside a procurement decision "if it lacked a rational basis or if the agency's decision-making process involved a clear and prejudicial violation of statute, regulation, or procedure."  *Croman Corp. v. United States*, 724 F.3d 1357, 1363 (Fed. Cir. 2013).  An agency is "entitled to a high degree of deference when faced with challenges to procurement decisions."  *Orion Tech., Inc. v. United States*, 704 F.3d 1344, 1351 (Fed. Cir. 2013).

Red Cedar contends that the trial court erred in determining that the agency's evaluation of Red Cedar's proposed price was reasonable.  It argues the agency's evaluation under subfactor six, which affected the agency's overall price evaluation (factor three), improperly focused on Red Cedar's interim proposals, rather than its final hours and labor mix.  We do not agree.

As the trial court noted, the "[a]gency provided a consistent and coherent explanation at each stage of the evaluation." J.A. 27. The technical evaluators gave Red Cedar a marginal rating for its initial proposed labor mix, indicating that the "[p]roposal [did] not demonstrate an adequate approach and understanding of the requirements." J.A. 105157; 102532. And despite repeated notices that its hours were deficient, Red Cedar issued a final labor mix that failed to adequately remedy weaknesses for over thirty positions. The agency, therefore, rationally adjusted Red Cedar's proposed hours and price to determine a probable cost to the agency in conformance with the solicitation's price evaluation instructions.[1] J.A. 30. On this record, we hold that the Court of Federal Claims did not err in holding that the agency's evaluation of Red Cedar's proposed price was not arbitrary, capricious, or in violation of law.

Red Cedar also contends the trial court erred in determining that Red Cedar was neither treated unequally nor evaluated based on unstated criteria. It argues that the agency evaluated Red Cedar based on unstated criteria when it improperly considered allegedly redundant aspects of NextGen's technical approach under subfactor three, rather than limiting its consideration of those aspects to the agency's subfactor five analysis. It further argues that the agency treated Red Cedar unfairly by improperly relying on evidence of NextGen's experience under subfactor six while discounting Red Cedar's evidence. These contentions are unavailing.

The agency acted within its broad discretion in awarding NextGen a strength for its technical approach under

---

[1] To the extent Red Cedar argues that the agency should have decreased hours in other labor categories to offset any increase in hours, the administrative record does not support any such offset requirement.

subfactor three. *See Orion Tech.*, 704 F.3d at 1351. Pursuant to the solicitation, the agency considered NextGen's and Red Cedar's proposed approaches for the contract's testbed event support. There is no evidence that the agency relied upon criteria outside of the designated criteria under subfactor three. There is, therefore, no support in the administrative record for Red Cedar's contention that it was evaluated based on unstated criteria.

With respect to subfactor six, the solicitation indicated that it would evaluate the appropriateness of the offeror's proposed labor mix in meeting or exceeding the agency's requirements. The solicitation expressly noted that the demonstration of "breadth and depth of staff and expertise" was encouraged and could result in a higher rating. J.A. 100167. The agency rationally evaluated the totality of evidence presented under these criteria and concluded that NextGen's proposal was more technically sound than Red Cedar's proposal. Therefore, Red Cedar's claim of unequal treatment under subfactor six is likewise without merit. On this record, we hold that the Court of Federal Claims did not err in holding that the agency's evaluation of Red Cedar's and NextGen's respective strengths under subfactors three and six was not arbitrary, capricious, or in violation of law.

## CONCLUSION

We have considered the parties' remaining arguments and do not find them persuasive. Because the Court of Federal Clams did not err in granting the government and NextGen judgment on the administrative record, we affirm.

## AFFIRMED